**Bonnie R. JARRETT, individually, as Executrix of the Estate of Newell K. Jarrett and as Guardian and Next Friend of Jon Eric Jarrett, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

and

**Earl W. Wolfe, Defendant**

**No. 88-2553.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 8, 1989.

Decided May 8, 1989.

---

Ronald William Kasserman (Seibert, Kasserman, Farnsworth, Gillenwater, Glauser & Richardson, on brief), for plaintiff-appellant.

Sally Kraft Trebbe, Dept. of Health & Human Services (William A. Kolibash, U.S. Atty., Betsy C. Steinfeld, Asst. U.S. Atty., on brief), for defendant-appellee.

Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.

CHAPMAN, Circuit Judge:

This appeal presents the question of whether there is a cause of action under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.* for the alleged wrongful termination of Social Security benefits. Appellant, as an individual, as executrix of her late husband's estate, and as next friend to her minor son, has sued the United States alleging that the wrongful termination of her husband's Social Security benefits deprived him of life and property without due process of law in violation of the Fifth Amendment, caused him to go into a deep depression, and constituted the intentional infliction of severe emotional distress which was the proximate cause of his death. We agree with the district court which found that the Social Security Act, particularly 42 U.S.C. § 405(h),[1] provides the exclusive remedy for these claims because they arise under the Social Security Act. We affirm.

I

Newell Kay Jarrett, the deceased husband of the appellant, took disability retirement from his employment with a steel company in October, 1980 following a heart attack in May of that year. He filed an application for disability insurance benefits under Title II of the Social Security Act on July 30, 1980. The West Virginia Disability Determination Section (DDS), a state agency of West Virginia, acting by agreement with the Social Security Administration (SSA), determined that Mr. Jarrett was disabled because of serious heart disease beginning on May 1, 1980. Social Security benefits commenced in October, 1980.

Pursuant to 42 U.S.C. § 421(h), Mr. Jarrett's case was reviewed by DDS for continuing disability, and in June 1983, DDS determined that the disability ceased on October 1, 1983. The SSA randomly selected the Jarrett case for quality assurance review and affirmed the DDS decision. Mr. Jarrett was informed that his benefits would terminate in October 1983, and was instructed if he disagreed with the termination decision, he could request reconsideration. He was also advised that he could request that his benefits continue during the reconsideration process. He made such a request and the benefit payments continued without interruption.

---

1. The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

Upon reconsideration DDS reversed its prior decision and found that the disability was continuing and reinstated Jarrett's right to benefits. The SSA affirmed the action of DDS in reinstating Mr. Jarrett's benefits, but two weeks after the decision Jarrett died of a myocardial infarction.

Appellant alleges that as a part of the nationwide effort to reduce the number of disability benefit recipients, SSA adopted a policy of investigating disability benefit recipients to determine if such persons were still disabled and entitled to benefits. Appellant also maintains that in furtherance of this policy Mr. Jarrett was not afforded a sequential evaluation of his claim as required by Social Security regulations, that the termination of his benefits was wrongful, and that the defendant should have known that improper termination of disability benefits would create severe psychological trauma and rapid deterioration in the physical condition of many former benefit recipients, including Mr. Jarrett.

The United States counters that all of the present claims arise under the Social Security Act and that § 405(h) thereof provides the exclusive remedy.

## II

Although the United States raised the bar of the discretionary function exception to the FTCA, the district court decided that it did not have subject matter jurisdiction over this claim and did not reach the exception. The district court was correct in its conclusion.

Appellant alleges that her action is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and she claims jurisdiction under 28 U.S.C. § 1346(b), which provides that the district court

shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States,

if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

■ A substantive cause of action is not created by 28 U.S.C. § 1346(b). This section is jurisdictional only. The United States, as sovereign, is absolutely immune from suit except as Congress specifically provides, and any waivers of immunity are to be strictly construed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976). Unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court to entertain such a suit. *United States v. Sherwood,* 312 U.S. 584, 587–88, 61 S.Ct. 767, 770–71, 85 L.Ed. 1058 (1941).

■ While FTCA is a waiver of sovereign immunity, such waiver is not unqualified and is subject to various limitations. One such limitation is 42 U.S.C. § 405(h), which states in part:

No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim *arising under this subchapter.* (Emphasis added).

The above section is preceded by § 405(g) which provides judicial review of the decisions of the Secretary in all matters involving Social Security benefits.

■ The limitation in the last sentence of § 405(h) is not unique. Other statutes limit claims against the United States or provide that a remedy is exclusive and that no other action against the United States or its employees may be brought. *See* 5 U.S.C. § 8116(c) (the Federal Employees Compensation Act); 38 U.S.C. § 211(a) (Veterans Benefits Act; 46 U.S.C. § 740 (Suits in Admiralty and Public Vessels Act). Other statutes provide that the remedy under FTCA shall be exclusive of any other action or proceeding. *See* 42 U.S.C. § 233(a)–(f), 38 U.S.C. § 4116(a)–(e), 10 U.S.C. § 1089, all of which relate to medical negligence or malpractice and provide an exclusive remedy under the FTCA. An exclusive adminis-

trative remedy for claims of personal injury or death resulting from the negligence of NASA's medical personnel is provided in 42 U.S.C. § 2458a.

The language of § 405(h) is unambiguous and precludes the present action because it is an effort to recover on a claim arising under the Social Security Act. The last sentence of § 405(h) states: "No action against the United States, the Secretary, or any officer or employee thereof shall be brought under sections 1331 or 1346 of title 28 to recover on any claim arising under this subchapter." The subchapter referred to is Title II, which contains old-age, survivors and disability insurance programs. The jurisdictional basis alleged in the complaint is 28 U.S.C. § 1346(b), which is one of the statutes that Congress has foreclosed by the clear language of 42 U.S.C. § 405(h).

Congress has directed that there be judicial review of the Secretary's actions, but such review is the exclusive remedy and is clearly set forth in § 405(g). The congressional intent that this is the only remedy is manifest in the last sentence of § 405(h).

In *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the plaintiff, representing a class, attacked two sections of the Social Security Act on constitutional grounds. The court held that the district court did not have federal-question jurisdiction and that jurisdiction in Social Security matters was limited to § 405(g). In discussing the reach of § 405(h), the court stated:

A somewhat more substantial argument that the third sentence of § 405(h) does not deprive the District Court of federal-question jurisdiction relies on the fact that it only affects actions to recover on "any claim arising under [Title II]" of the Social Security Act. The argument is that the present action arises under the Constitution and not under Title II. It would, of course, be fruitless to contend that appellees' claim is one which does not arise under the Constitution, since their constitutional arguments are critical to their complaint. But it is just as fruitless to argue that this action does

not also arise under the Social Security Act. For not only is it Social Security benefits which appellees seek to recover, but it is the Social Security Act which provides both the standing and the substantive basis for the presentation of their constitutional contentions. Appellees sought, and the District Court granted, a judgment directing the Secretary to pay Social Security benefits. To contend that such an action does not arise under the Act whose benefits are sought is to ignore both the language and the substance of the complaint and the judgment. This being so, the third sentence of § 405(h) precludes resort to federal-question jurisdiction for the adjudication of appellees' constitutional contentions.

422 U.S. at 760–61, 95 S.Ct. at 2464.

The court also compared the language of § 405(h) with the provisions of the Veterans Benefits Act, 38 U.S.C. § 211(a), and concluded:

The language of § 405(h) is quite different. Its reach is not limited to decisions of the Secretary on issues of law or fact. Rather, it extends to any "action" seeking "to recover on any [Social Security] claim"—irrespective of whether resort to judicial processes is necessitated by discretionary decisions of the Secretary or by his nondiscretionary application of allegedly unconstitutional statutory restrictions. *Id.* at 762 [95 S.Ct. at 2465].

The present suit is an action arising under Title II of the Social Security Act. The thrust of the complaint is that Mr. Jarrett's social security disability benefits were wrongfully terminated, that the decision to terminate was not supported by medical evidence, and that the decision resulted from the application of an improper standard. A trial of the present action would require a relitigation of the denial of social security benefits. One question presented would be whether at the time he was notified that his disability benefits would be stopped, Mr. Jarrett was physically able to engage in substantial gainful employment. Except for a direct claim for benefits under the Act, nothing could be more clearly a

claim arising under the Social Security Act than the present action.

Appellant seeks support in *Chilicky v. Schweiker,* 796 F.2d 1131 (9th Cir.1986), an action brought by persons whose social security disability benefits had been terminated during disability review. Damages were sought from the Secretary, the former commissioner of SSA, and a state official administering the social security benefits program. It was alleged that termination violated plaintiffs' fifth amendment rights. The Ninth Circuit held that § 405(h) did not prohibit a non-section 405(g) action from being brought against the defendants under the fifth amendment due process clause.

However, the Ninth Circuit decision was reversed by the Supreme Court in *Schweiker v. Chilicky,* — U.S. ——, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Reversal was not based upon the language of the last sentence of § 405(h), but upon the ground that a money damages remedy against federal officials for a constitutional tort cannot be devised when special factors counsel hesitation in the absence of affirmative action by Congress. The Court thus refused to recognize on the *Chilicky* facts a constitutional tort claim of the *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), variety. The Court found that the elaborate continuing disability review program created by Congress did not include a monetary damages remedy against officials responsible for unconstitutional conduct leading to the wrongful denial of benefits, and therefore held that such a remedy was unavailable.

The same reasoning is applicable here. Mr. Jarrett's case was reevaluated under the continuing disability review and he was notified that his disability payments would be stopped. This is what happened in *Chilicky* and the Court there held that the Act made no provision for monetary damages against officials responsible for unconstitutional conduct leading to a wrongful denial of benefits. *Chilicky* answers plaintiff's due process claim and its reasoning disposes of the FTCA claim. Surely, if in creat-

ing the continuing disability review program Congress did not include the right to seek monetary damages because of unconstitutional conduct, Congress also did not intend to allow a claim under the Federal Tort Claims Act for "improper and wrongful" discontinuance of benefits.

AFFIRMED.